UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**Not for Publication**

| | |
|---|---|
| Dempsey, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 08-5391 (KSH)(MAS) |
| Mulberry Street Rest., et al., | : REPORT AND RECOMMENDATION |
| Defendants. | : |

This matter comes before the Court on Plaintiff C. Lee Dempsey's ("Plaintiff") Motion to Enforce the Settlement Agreement ("Agreement"). (Doc. No. 19.) For the reasons set forth below, the undersigned respectfully recommends that the Court grant Plaintiff's motion.

**I.   Background**

On October 31, 2008, Plaintiff filed a Complaint in this civil action against Defendants, Mulberry Street Restaurant, Inc., a New Jersey corporation, d/b/a Mulberry Street Restaurant, and Lagrutta-Russo, LLC, a New Jersey limited liability company (collectively "Defendants"), for injunctive relief and attorneys' and expert's fees, litigation expenses and costs, pursuant to 42 U.S.C. §12181, et. seq. (Agreement p. 2 ¶ 1).

In September 2009, the parties to this action entered into the confidential Agreement. The Agreement sets forth with specificity the modifications and alterations which were to be made by Defendants to the subject restaurant, the time frame for the completion of the modifications. The Agreement further sets forth the amount of Plaintiff's attorneys' fees, costs and expenses to be paid by Defendants and the time frame for the payment of same. (*Id.*)

On March 11, 2010 the Plaintiff filed a motion to enforce the settlement agreement seeking injunctive relief and payment of monetary relief of $6,500.00, plus reasonable attorney fees. (*Id.* at p. 4 ¶

9.) After a telephone status conference was conducted on June 3, 2010, Defendants' representative John Lagrutta-Russo was ordered to appear in person for a proof hearing scheduled on June 17, 2010. (Doc. No. 21.) The Defendants failed to appear for the June 17, 2010 proof hearing. Plaintiff's counsel then set forth a summary of the terms of the Agreement and all efforts that were undertaken in attempt to enforce the Agreement and to reach out to Defendants.

## II.     Discussion

The undersigned is persuaded that good cause exists to grant Plaintiff's motion. During the proof hearing, it became clear that the parties freely entered into a confidential settlement agreement in September of 2009. Plaintiff articulated that none of the $6,500.00 originally stipulated in the settlement agreement has been paid. Plaintiff also articulated to the Court that none of the agreed upon modifications have been acted upon. Plaintiff's counsel also seeks $1,120.00 in attorney's fees and costs associated with the filing of this motion and the post-enforcement settlement proceedings. From the date this action was dismissed, the Plaintiff has performed an additional 3.2 hours legal services. (Certification p. 8). (Doc. No. 23.) The Plaintiff's counsel has applied the hourly rate of $350.00. (*Id.* at 3). The hourly rate being sought is well within the customary range of rates charged by other attorneys with similar legal experience. (*Id.* at 4).

As a result of the proof hearing, it is the understanding of this Court that the Plaintiff has made several good faith efforts to communicate with the Defendant with regards to his non-compliance. It is also the understanding of this Court that the Defendant never communicated to Plaintiff that he was making a good faith effort to comply with the terms of the Agreement. Further, Defendant's counsel reached out to the Defendant on numerous occasions in attempt to secure payment pursuant to the Agreement.

Accordingly, the undersigned finds that Plaintiff has made reasonable efforts to enforce the Agreement without success. Based on the positions set forth during the proof hearing and the documentary evidenced provided to this Court, the undersigned finds good cause to respectfully

recommend granting Plaintiff's motion to enforce the Agreement and entering a judgment in favor of Plaintiff's in the amount of $7,620.00. Moreover, as Plaintiffs initially sought declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42, U.S.C. § 12181, et. seq. ("ADA") (Doc. No. 1, Complaint), it is within this Court's jurisdiction to enforce the injunctive relief aspect that was agreed upon in the Settlement Agreement. As such, it is respectfully recommended that this Court enter an order requiring Defendants alter and modify the subject facilities in accordance with the property modifications agreed to by the parties under Paragraph 14 and Exhibit A of the Agreement.

### III.  Conclusion

Based on the foregoing, and for good cause shown,

IT IS on this 18th day of June, 2010, respectfully recommended that this Court:

1. Grant Plaintiff's Motion to Enforce the Settlement Agreement.

2. Enter a judgment in favor of the Plaintiff in the amount of $7,620.00, which represents the agreed upon amount set forth in the Agreement, plus attorney's fees and costs associated with Plaintiff's attempts to enforce the Agreement, including filing of the motion to enforce the Agreement.

3. Enter an order requiring Defendants alter and modify the subject facilities in accordance with the property modifications agreed to by the parties under Paragraph 14 and Exhibit A of the Agreement.

4. Find Defendants' representative wholly liable for the monetary judgment and injunctive relief, as agreed upon by the parties to the Agreement.

       s/ Michael A. Shipp
**HONORABLE MICHAEL A. SHIPP**
**UNITED STATES MAGISTRATE JUDGE**